*219 OPINION of the Court, by
Judge Owsíét.-
This action was brought by the present plaintiff in the court below against the testator Of the defendant in his lifetime, upon a bond given by him for the faithful perform-anee of his duty as sheriff. The cause of action, as set forth in the declaration, is briefly and substantially this: Whitlock leased to a certain John Grant, á house and lot *220 in the town of Louisville, and there being in arrear and ^uc llim f°r one year’s rent glOO, one of the deputies of the said Edwards levied a writ of jierifacias, which had come to his hands against the estate of said Grant, upon ^ie household furniture found in said liouse ,• and al-though he wms notified of the rent being in arrear and unpaid, proceeded to sell, and did actually dispose of the £>oods, whereby \\ hitlock in consequence thereof has been altogether prevented from collecting his rent, &c. To this declaration the defendant filed a plea of con(hti°us performed, and also a demurrer. An issue ma<je up f0 ⅛6 plea, and the demurrer joined; and the court being of opinion the declaration contained no sufficient cause of action, gave judgment against the plaintiff.
The right of action, as against the sheriff, is predicated upon the 13th section of the act of 1796, concerning executions, &c. — 1 Littell 542. That section provides that “ no goods or chattels whatsoever lying or being in or upon any messuage, lands or tenements, which are or shall be leased for life or lives, term of years, at will or otherwise, shall at any time hereafter be liable to be taken by virtue of any writ of execution, or on any pre-tence whatsoever, unless the party so taking the same shall, before removal of the goods from off such premises, pay or tender to the landlord or lessor thereof, or his agent, all the money or tobacco due for the rent of the said premises at the time of taking such goods or chattels, provided,” &c.
This section, as respects the present contest, is substantially the same of the British statute of 8 Anne, ch. 14, § 1, and if construed according to w hat we conceive to be its obvious import, and as the British statute by a current of ad judications has been construed, there can be no question but what the declaration contains in substance a good cause of action. — See 2 Tidd’s Frac. 926-7 —1 Strange 212 — 2 Wilson 140.
From these authorities the sheriff is clearly liable wheri he removes the goods without satisfying the landlord, after having notice of the rent being in arrear; and as the declaration in this case contains in substance such a charge, the court below should not have sustained the demurrer.
It is true by a subsequent act of 1810, the legislature have made various other provisions in relation to the *221 subject of rent, but as tbe goods alleged in the present case to have been taken and sold by the sheriff, are changed to have been household furniture taken from the house leased, that act cannot affect the present case.
The judgment must therefore be reversed with costs, and the cause remanded to the court below for4 new proceedings not inconsistent with this opinion.