MOCK *vs* CUNDIFF.

1. To entitle a party to relief in a Court of Chancery, against a judgment at law, where no fraud is charged in obtaining the judgment, it is necessary that he shew that he has used reasonable diligence to make his defence before the proper forum.

2. Chancery will not relieve against a judgment at law, *on the* ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question, pending the suit—or it could not have been received as a defence—or unless he was prevented from availing himself of the defence, by fraud or accident—or the act of the opposite party, unmixed with negligence or fault on his part.

3. Therefore, where the bill stated that a judgment had been obtained on a note, given by complainant to one W. N. M., or bearer—which note was transferred to the plaintiff in the judgment—and before notice of the transfer, complainant had become the owner of a note for nearly the same sum, made by the said W. N. M:—and complainant had employed an attorney to make a defence to that effect, who was prevented from making the defence, by sickness—and judgment passed by *nil dicit*—but the bill did not state that the off-set was delivered to the attorney, or that witnesses had been summoned to prove it ;—and it appeared further that complainant had not attended the Court himself, and assigned no cause for his negligence in that behalf,—the bill was dismissed for want of equity.

Error to the Circuit court of Lowndes county.

The bill in this case, was filed to spring term, eighteen hundred and thirty-six, of Lowndes Circuit court, and stated—That on the 27th day of January,

in the year eighteen hundred and thirty-four, complainant made his promissory note for the sum of one hundred and seven dollars and forty cents, payable on or before the first day of January, eighteen hundred and thirty-five, to William N. Mock, or bearer, for value received :—That before the said note became due, and before complainant had any notice or knowledge of a transfer of said note, complainant became the lawful owner of a note drawn by the said William N. Mock, for one hundred and ten dollars, in favor of Mary Nibbs, or bearer, and due and dated the fifth day of March, eighteen hundred and thirty-four. The said last mentioned note, complainant intended as an off-set and payment of the first mentioned note, made by complainant as aforesaid. But the first mentioned note was transferred by said William N. Mock, by delivery, to John Cundiff, who, as bearer of the said note, brought suit thereon, against complainant, in the County court for the county of Lowndes, at the February term, eighteen hundred and thirty-five.

The bill further stated, that complainant intended to offer the said note, drawn by said William N. Mock, in favor of Mary Nibbs, and transferred to complainant as aforesaid, as an off-set to the said first mentioned note, when the trial of the said suit should come on; and for that purpose had employed an attorney to attend to the same, and informed the attorney of the said set-off, and requested him to have the same before the court, at the said trial : but at the August term, eighteen hundred and thirty-five, said cause came on to be heard, and complainant's attorney was unable to attend said court, or have the said cause attended to or continued. The cause was called, and judgment for one hundred and twelve dollars and sixty-two cents, was given against complainant, as nothing was said in bar or preclusion of said plaintiff's claim, and execution had issued thereon against complainant.

6p 4

Complainant did not know, until after the said court had adjourned, that his said attorney was sick, and that his said cause would be undefended.

The bill stated further, that William N. Mock was wholly insolvent, and had left the state.

Prayer for an answer, and the writ of *subpœna*, and that the note and execution might be enjoined, and that the note made by the said William N. Mock, as aforesaid, might be held and allowed as a set-off to the said first mentioned note, and for other and general relief, &c.

· The bill was accompanied with the affidavit of complainant, stating that the matters and things set forth in the bill were true, as far as stated to be within his knowledge, and such as he had from information, he believed to be true, &c.

On the hearing of the bill and affidavit, at chambers, on the fourteenth December, eighteen hundred and thirty-five, an injunction was granted on the usual terms, of bond with surety, in double the amount of the judgment, and a release of errors at law required, which was accordingly complied with, &c.

And at the spring term of the same court, eighteen hundred and thirty-six, the case came on for hearing, and on motion, it was ordered and decreed, that the injunction be dissolved, and the bill be dismissed with costs, &c.

And at this present term of this court, the case came on for hearing, when the plaintiff in error, assigned for error—

1. That the injunction was dissolved.

2. That the bill was dismissed with costs.

*Bedford*, for plaintiff in error.
*Cook*, contra.

ORMOND, J.—This was a bill filed in Chancery

by the plaintiff, enjoining a judgment at law, obtained by the defendant in error.

The bill charges, that he made his note for one hundred and seven dollars and forty cents, to one William N. Mock—payable to him or bearer : That the defendant in error became the proprietor of the note, and as bearer brought suit thereon, and recovered judgment. The bill further alleges, that the plaintiff, before he received notice that Cundiff was the owner of the note above described, became the owner of another note, made by the said William N. Mock, to one Mary Nibbs, or bearer—which note was for one hundred and ten dollars ; which last mentioned note fell due before the other.

The bill further states, that he employed an attorney to defend the cause—informed him of the set-off, and requested him to have the same before the court, at the trial. That the attorney was unable, from sickness, to attend the court, and that judgment passed against him, by *nil dicit.* The court below, dismissed the bill, for want of equity—and this is now assigned for error in this court.

To entitle a party to relief, in a Court of Chancery, against a judgment at law, where no fraud is charged, in obtaining the jugdment, it is necessary that he should shew, that he has used reasonable diligence, to make his defence before the proper forum.

Has that been done, in this case ? The allegation in the bill is, that the plaintiff employed an attorney to defend the suit—informed him of the set-off, and requested him to have the same before the Court.—Is this sufficient ? This may all be true, and yet the attorney would not have been able to defend the suit, and get the benefit of the off-set, had he been able to attend the court. It is not stated that the attorney was put in possession of the note, intended to be set off, or that witnesses were summoned, or in attendance to prove it: and, without these, the attorney,

had he been present, could not have made the defence. It does not appear, then, from the bill, that the absence of the attorney, from sickness, has injuriously affected the plaintiff.

It is a circumstance of great weight, in considering this question, that the plaintiff did not attend the court himself. He shews no reason for his failure to do so,—and appears to have been negligent of his interests.

The doctrine applicable to this case. is laid down by Chancellor *Kent*, in 6th Johnson's Ch. Reports, 90. " The rule is, that Chancery will not relieve against a judgment at law, on the ground of· its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question, pending the suit, or it could not have been received as a defence, or unless he was prevented from availing himself of the defence, by fraud or accident, or the act of the opposite party, *unmixed with negligence or fault on his part.*"

This has been acted on, as the same rule in such cases, by this court.*    It results from this, that there is no equity in the bill.

The judgment of the court below must be affirmed, with costs.

---

*2 Porter, 262.