HOBSON & SONS vs. EMANUEL et al.

1. A written acknowledgment of service of a writ by a defendant, without proof of such acknowledgment, is not sufficient to sustain a judgment by default.

2. But where parties appear in court, the necessity of the actual service of process is dispensed with.

3. And an entry on the record, that the parties came by their attorneys, &c. is sufficient evidence of their appearance.

4. Where one of several defendants, sued as partners, pleads in abatement, and the jury find the issue for the plaintiffs, and judgment is rendered by the court, for the amount of the plaintiffs' claim, the defendants cannot object in error, on the rendition of judgment against all, on the issue formed upon the plea, the jury having found no damages.

Error to Perry Circuit court.

Assumpsit on two promissory notes, against Baker Hobson, Nicholas Hobson and China Hobson, copartners, trading under the firm and style of B. Hobson & Sons. The service of the writ was accepted by defendants in the following words endorsed on the writ :

"We do hereby acknowledge legal service of the within —this 28 Sept. 1836.           B. HOBSON & SONS."

To the declaration, Tescharner D. Hobson, who had been sued jointly with Baker and Nicholas Hobson, merchants, &c., in his own person, came and said that he was named and called Tescharner D. Hobson, and *abs que hoc* that he never was called China, which he was ready to verify, and prayed judgment, and that the writ might be quashed, &c. Plaintiffs replied that Tescharner was often called Chiner, as the name of Tescharner.

Hobssn & Sons *vs.* Emanuel et al.

And at Spring term, eighteen hundred and thirty-seven, came the parties, by their attorneys, and likewise came a jury, who said they found the issues for the plaintiffs. It was therefore considered by the court, "that the plaintiffs the sum of twenty-five hundred and fifty-four dollars, the damages in the plaintiff's declaration mentioned, and also their costs of suit in this behalf expended, for which execution," &c.

And at Fall term, eighteen hundred and thirty-eight, came the plaintiffs, *by their counsel,* and moved the court for direction to the clerk, to amend a clerical error of the Spring term, eighteen hundred and thirty-seven, of the court, so that judgment might be rendered *nunc pro tunc,* that the jury find the issues in favor of the plaintiffs, and assess their damages, &c. The motion was granted, and it was considered that execution might issue, &c.

To reverse the judgment, a writ of error was sued out. The following errors were assigned:

1. It does not appear that legal service of the writ was ever made upon defendants—or that they were in court.

2. The court erred in rendering judgment against all the defendants to the action for the damages, when the only issue was upon the plea in abatement filed by one defendant, and the jury having assessed no damages.

*Parter,* for plaintiffs in error.
*Phelan,* contra.

GOLDTHWAITE, J.—If the judgment of the Circuit court was supported only by the acknowledgment of

service, this, *without proof*, would be insufficient to sustain it, as decided by this court in Welch vs. Walker et ux. (4 Porter, 120;) but it is disclosed by the record; that at the trial term, "came the parties, by their attornies, and thereupon came a jury," &c. Similar entries have been held sufficient evidence of the appearance of parties, and to dispense with the necessity of actual service of process—(Gilbert vs. Lane, 3 Porter, 367; Lucy et al. vs. Beck, 5 Porter, 167.) The first assignment is therefore not supported by the record.

The second assignment can avail nothing. One of the defendants to the action, alone thought proper to contest the suit, and his defence did not extend to the merits of the cause. After the determination of the issue on the plea in abatement, the action remained wholly undefended; and, although it would have been more regular, to have entered a formal judgment of *nil dicit*, yet there is no substantial error in that which was rendered. It was the privilege of the plaintiff to insist, that the jury should assess his damages, when they ascertained the issue in his favor, but the omission to do so, gave the defendants no rights, or if they were thereby placed in a condition to plead to the merits, they have not done so, and as no defence was interposed, after the determination of the only issue before the jury, the court properly rendered judgment for the amount due on the notes.

The amended judgment is not attempted to be made the subject of revision, and notice of it is therefore unnecessary. Let the judgment be affirmed.