THE GOVERNOR FOR USE OF SIMMONS v. HANCOCK & HARRIS.

1. The sureties of a sheriff are not liable for a malfeasance of the sheriff, unless the act complained of, includes an omission to perform some duty imposed by law.

Writ of Error to the County Court of Sumter County.

ACTION of debt on a sheriff's bond against the defendants, who signed the same as sureties for William Johnson. The bond is conditioned, that Johnson, as sheriff of Sumter County, shall well and truly pay over all monies received by him, and otherwise faithfully discharge all the duties, which are or may be required of him by law, during the time for which he is appointed.

The declaration sets out the bond and its condition, and the breaches assigned are substantially these : That an attachment

was issued at the suit of Anne Simmons against the estate of Jackson Brewer, to secure a debt of fourteen hundred dollars. This attachment was levied on a negro woman and child, of the alledged value of two thousand dollars. That Johnson, after the levy and before the return of the said attachment, falsely and fraudulently represented to Mrs. Simmons, that the said Brewer had removed all his property from the County; and that the said attachment had not been nor could be levied. That these false representations were made to induce Mrs. Simmons to sell her claim against Brewer to the said Johnson, for the sum of one hundred dollars; and that she did sell the claim to him in consequence of the said representations, for the sum named. A similar breach is alledged, except that she was induced to sell the claim to the said Johnson and one Cleveland. Another breach is assigned by alledging that Johnson, with a view to induce Mrs. Simmons to dismiss her attachment, after its levy and before its return, fraudulently connived at, assented to, and permitted a great fraud to be practised, and divers misrepresentations to be fraudulently and wickedly made; and that in consequence, she did dismiss her said suit against Brewer, and thereby entirely lost the benefit and advantage of it.

The defendants demurred to the declaration; and judgment was thereon rendered in plaintiff's favor.

The plaintiff prosecutes this writ of error, and assigns, that the County Court erred in its judgment on the demurrer.

SMITH, for the plaintiff in error insisted, that the bond of a sheriff is forfeited by any misfeasance or malfeasance in his official duties. He is not permitted to use the process of the Courts in making unequal bargains or taking undue advantage. [Jenner v. Joliff, 9 Johns. 380; Reed v. Prayer, 7 Johns. 426; Bartlett v. Cruger, 15 Johns. 250.]

As to the right, in the first instance, to sue on the bond, he relied on Searcy v. Fearne, 6 Por. 400; Governor, use, &c. v. White, 4 S. & P. 441.

JONES, contra.

51

Jones v. Davis

GOLDTHWAITE, J.—The question here is not whether the sheriff is personally liable to respond in damages for the acts complained of; but it is whether such acts are within the condition of his official bond. In our opinion, they do not constitute a breach of the condition. We will not say that the sureties of a sheriff are not liable in some cases of malfeasance; but in such, we think the malfeasance must in include a misfeasance also; as, for instance, if the sheriff should wantonly destroy property levied by him, this would be a tortious act, but there would likewise, be a tortious omission of his duty, which is to keep the property safely. It does not appear from this declaration, that the sheriff has omitted any part of his duties. The plaintiff, in interest may have been injured by his wrongful and fraudulent misrepresentations, but the sureties do not stipulate to be answerable in such a case.

The judgment must be affirmed.