## ETHRIDGE v. FULLER.

1. When the record discloses that a cause has been in court for three years, and has once been continued by consent, the judgment will not be reversed, although no service or writ appears in the transcript, and although the appearance of the defendant's attornies is on their motion stricken out. The proper course, if there was no service or waiver, was for the defendant to explain the condition of the record, by affidavit, and ask its correction.

Ethridge v. Fuller.

Writ of Error to the County Court of Mobile County.

In the transcript sent to this court, there is no writ. The declaration is entitled of February term, 1840, and it appears the cause was continued by consent, at the February term, 1841, and again, for want of papers, at February term, 1842. At the February term, 1843, the parties came, by their attornies, and on motion of Gibbons and Fisher, their appearance for the defendant was stricken out, at their request, and a jury rendered a verdict for the plaintiff, on which judgment was given.

The defendant now ins sts, by his assignments of error, that he was not before the court, and for that cause the judgment is erroneous.

Gibbons, for the plaintiff in error.
Lesesne, contra.

GOLDTHWAITE, J.—This belongs to that class of cases in which we have so often refused to reverse judgments on account of the supposed omission of service of the writ. Here, for three years, the cause remains in court, and the record shows it to have been once continued by consent, and also, that the parties came by their attornies at the term when the trial was had. If in truth there was no service of process, nothing was easier than for the defendant to have explained the condition of the record by affidavit, and we are not called on to presume the court below would have omitted to correct the entries, which in effect, conclude the defendant if they are inconsistent with the facts. Nor, is it a legitimate presumption, when the court has, immediately after its action in striking out the appearance of the gentlemen named, proceeded to try the case, that it also intended to declare the defendant was not in court. In addition to all that the record discloses previous to the judgment, we perceive that a motion was made by the defendant's attornies afterwards, to correct the judgment entry, so as to correspond with the facts which occurred at the trial, which facts are said, in the entry of the motion, to be set out in an affidavit, likewise omitted in the transcript. It is proper to remark, that the entry of the judgment is as much the matter of exception, as any thing which can occur in the proceedings of a cause, and if it is entered in defiance of the truth,

means exist by which the action of the court can be controlled, and the injury redressed.

The absence of the writ and its service, from the transcript, are controlled by the express terms of the record, and therefore, there is no cause for reversal.

Judgment affirmed.