# GAYLE v. THE CAHAWBA AND MARION RAIL ROAD COMPANY.

1. When a demurrer is overruled to one count of a declaration, which is afterwards abandoned at the trial, this Court will not examine into the sufficiency of such count.

2. A recovery may be had upon the common counts, for an instalment due upon a call of an incorporated company.

3. When objection is made to testimony in the mass, in the Court below, it is in the nature of a demurrer to the evidence, and will prevent particular portions of it, from being submitted to a severe and searching criticism. The objection to such portions of the testimony, should be specifically made in the Court below. In such cases this Court will consider the testimony by the same rules which govern demurrers to evidence.

Error to the Circuit Court of Dallas.

Assumpsit by the defendant against the plaintiff in error, to recover fifty dollars, being the ninth instalment due on his subscription for stock.

The declaration consisted of three special, and the common counts. The defendant demurred separately to the three special counts, which was overruled by the Court, except as to the third, and leave given to the defendant to plead over, after which the plaintiff entered a *nolle prosequi* to the first count, and relied alone upon the second count, and the common counts.

Upon the trial, as appears from a bill of exceptions, the plaintiff proceeded to prove from the books of the company, its organization under its charter. The Court permitted the plaintiff to prove, from the books, the following facts—that the books of subscription contained the name of the defendant, and many other persons signed to an instrument to the following effect: "A book of subscription to the capital stock of the Cahawba and Marion Rail Road Company, opened on the 20th March, 1837, by an order of the board of directors, assembled in the town of Cahawba, on the 17th March, 1837, under the direction of James E. Craig," &c. &c. The names are signed thus:

| DATE. | NAMES. | NUMBER OF SHARES. |
|---|---|---|
| March 29. | Matt. Gayle. | 10 ... Total stock, $1,000 |

The plaintiff having averred as its cause of action, and the sole object of the suit, to recover an assessment of five *per cent.* made by the directors, being the ninth instalment, and having offered a resolution to that effect, it was objected to by the defendant as testimony, under the second count, on account of a discrepancy in the dates, but the Court overruled the objection, and permitted the testimony to go to the jury. But afterwards the

Court, with the consent of the plaintiff, excluded all the written evidence which had been offered, including the entries from the books of the company, from the consideration of the jury, so far as related to the second count.

It was further in evidence, that the account, or demand sued for, as aforesaid, had been presented to the defendant, who refused to pay—also, that the account against the defendant for all the other assessments made by the board, some of earlier, and some of later date to said ninth instalment, had been presented to said defendant, but which in like manner he refused to pay. There was evidence conducing to show, that the other instalments had been transferred to creditors of the company.

Upon this testimony, the defendant moved the Court to instruct the jury, that on the above evidence the plaintiff was not entitled to recover on the common counts, which instructions the Court refused, holding that such recovery might be had on the common counts. To all which the defendant excepted, and which he now assigns as error.

R. SAFFOLD, for the plaintiff in error, contended that the charge of the Court was wrong, as there was no proof in the record, that the defendant signed the book of subscription, or that he had notice of the assessment.

EDWARDS, contra.

ORMOND, J.—We do not consider it necessary to examine the sufficiency of the second count in the declaration, to which the Court overruled the demurrer of the defendant, as it is perfectly clear, that the plaintiff might at the trial, abandon all right to recover under it. This it appears he explicitly did, and relied alone for a recovery upon the common counts in the declaration.

It appears to us that the reasonable construction of the bill of exception is, a request to the Court to charge, that no recovery could be had in this action, upon the common counts. The prayer of the defendant is, "that on the above evidence, the plaintiff is not *entitled* to recover on the common counts;" to which the Court responded, that " such a recovery might be had on the common counts." It is the duty of parties who wish to review the decision of an inferior Court, in this Court, to show affirmatively

that there is error upon the record. If it be left in doubt, whether there is error or not, it is the duty of an appellate Court to presume in favor of the primary tribunal.

It is not now insisted that a recovery could not have been had in this action, upon the common counts; but it is argued that the evidence was insufficient for that purpose; but considered in that aspect, we think the objection alike untenable.

It is objected that it does not appear, that there was proof of the signature of Matt. Gayle, the defendant, to the subscription for the stock; but that from the record it appears, that the book in which the subscription was made, was produced, which, although sufficient for a recovery under the special count, declaring upon it, was not under the common counts, without proof of the signature—and further, that evidence that the "account" sued for was presented to the defendant, does not show that he had notice of the call of the directory for this instalment.

When evidence is objected to in the mass, as in this case, the objection will not be permitted to be taken in this Court, so as to subject particular portions of it to a severe and searching criticism. If the sufficiency of particular parts of it to maintain the issue is denied, the objection should be specifically made in the Court below, when perhaps the objection, if valid, might be removed, or some explanatory testimony offered, removing the difficulty. The objection, when made in this general form, to all the testimony, is calculated to mislead, and ought as far as possible to be discouraged, unless it be in fact a demurrer to the evidence, by analogy to which alone indeed can this motion be sustained. Considered as a demurrer to the evidence, we think the jury might have inferred, that the defendant signed the subscription, and was notified of the call made by the directors. From this it appears, there is no error in the record, and the judgment must be affirmed.