McELHANEY *vs.* GILLELAND.

[ACTION AGAINST CONSTABLE AND SURETIES FOR TAKING PROPERTY EXEMPT FROM
LEVY AND SALE.]

1. *Appearance and pleading.*—Where the plea found in the record purported to
be subscribed by an attorney "for defendants;" and the judgment entry,
after stating the appearance of the parties by their attorneys, recited that
the plaintiff took a nonsuit as to one of the defendants, "and as to the other
defendants thereupon came a jury," &c.—*held*, that all the defendants,
except the one as to whom the nonsuit was taken, were parties to the issue.

2. *Waiver of irregularities by pleading to issue.*—In an appeal case from a justice's
court, if the defendant pleads to the statement filed against him in the
circuit court, he cannot afterwards object to any irregularities in the
appeal, notice thereof, or process commencing the suit; nor can he
afterwards take advantage of a previous discontinuance against a co-
defendant.

3. *Liability of constable's sureties.*—Under the provisions of the Code; (§§ 2466,
130,) the sureties on a constable's official bond are liable for their princi-
pal's wrongful act, in taking and selling, by color of his office, property
which was exempt from levy and sale at law ; the defendant in execution
having made the statutory affidavit, within the time required by law.

4. *Sufficiency of complaint after verdict.*—After verdict and judgment, every
reasonable intendment will be made, on error, in favor of the sufficiency of
a complaint which shows a substantial cause of action : an averment that
an affidavit was made "according to law," will be held to mean that it was
made within the time required by law.

5. *Irregularities in pleading and verdict not available on error.*—Where the complaint
shows a substantial cause of action, and the judgment was rendered on issue
joined, irregularities in either the pleadings or the form of the verdict are
not available on error.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Coil Gilleland, against
Edward Sexana, James A. McElhaney, James Kelly, and
William S. Paine, and was commenced in a justice's court.
The defendants removed the case, by appeal, to the city
court, where the plaintiff filed the following statement,
or complaint :

"The plaintiff claims of the defendants, McElhaney as
constable, and Kelly and Paine as sureties on his official

bond as constable, and Edward Sexana, the sum of fifty dollars, as damages for wrongfully taking and selling the following goods and chattels, the property of plaintiff," (describing them;) "the same being taken by said McElhaney, constable as aforesaid, under color of office, and the defendant Sexana ordering and directing the same to be seized and taken by said McElhaney; after which taking and seizure, plaintiff made affidavit, according to law, that he was the head of a family, residing in this State, and that the said property was exempt from levy and sale by any process whatever; which affidavit was exhibited to said McElhaney, but he nevertheless refused to deliver up the said property, and sold the same; to plaintiff's damage fifty dollars."

The record shows the following plea:

"The *defendant*, for answer, pleads not guilty.

(signed) Hopkins & Hurtell, for *def'ts*."

The judgment entry is as follows:

"Coil Gilleland, plaintiff, vs. James A. McElhaney, constable of Mobile county; James Kelly, and William S. Paine, sureties on the official bond of said McElhaney; and Edward Sexana. This day came the parties, by their attorneys; and plaintiff takes a nonsuit as to Edward Sexana, and, as to the other defendants, thereupon came a jury," &c., "who on their oaths do say, 'We the jury, find the defendants guilty, and assess the damages at fifty dollars. It is therefore considered by the court, that the plaintiff have and recover of the defendants said sum of fifty dollars, as assessed by the jury, together with the costs in this behalf expended."

From this judgment Kelly and Paine appeal, and here assign for error the rendition of judgment against them, because, 1st, the action is trespass, and no trespass or other cause of action is shown or alleged against them; 2d, that it was error to render judgment against them after a nonsuit had been taken as to Sexana; and, 3d, that it was error to render judgment against them, when no summons or notice was served on them, nor were they otherwise brought into court.

A. R. MANNING, for appellants.

GEO. Y. OVERALL, *contra.*

WALKER, J.—If the plea found in the record be the plea of only one defendant, as the appellant's counsel insists, because the word *defendant* is used in the singular, of which defendant is it the plea? It would be impossible to answer this question; and to hold that it is the plea of only one defendant, and yet be unable to determine of which defendant it is the plea, is to make nonsense of the record. The attorneys subscribe the plea "for defendants,"—in the plural; and then the court says, in its minutes, that "as to the other defendants," besides the one as to whom there was a discontinuance, came a jury, who tried the issue joined. It is clear, from this sentence, that the issue was tried as one between the plaintiff and all the defendants except the one left out by the discontinuance.

This case is distinguishable from Catlin, Peeples & Co. v. Gilder's Executors, 3 Ala. 536, and Puckett v. Pope, *ib.* 552, in two particulars: this judgment entry affirmatively shows, by its recitals, that the appellants were parties to the issue; and the plea at least does not show that they were not parties to the issue. We cannot suppose that the defendants were not parties to the plea, without imputing to the court the absurdity of submitting an issue to the jury as between the plaintiffs and parties who had not pleaded. We do not say that the plea would have been held good, if objection had been made in the court below; but we think, that under the rule as to reasonable intendments, which this court has adopted in support of judgments brought before it for revision, we must hold that the appellants were parties to the plea.

Having appeared, and pleaded to the statement in the circuit court, the appellants cannot now object to any irregularity in the appeal, the notice, or the process commencing the suit.—Bancroft v. Stanton, 7 Ala. 351; Etheridge v. Fuller, 6 Ala. 58; Hobson v. Emanuel, 8 Porter, 442; Wheeler v. Bullock, 6 Porter, 352; Lucy

v. Beck, 5 Porter, 167; Gilbert v. Lane, 3 Porter, 267; Williams v. Lewis, 2 Stewart, 41; Brown v. Simpson, 3 Stewart, 331.

No objection was made in the court below, on account of the discontinuance as to Sexana; but the parties went on, and tried the issue joined. If the discontinuance was improper, it is now too late to make the objection. Walker v. Cuthbert, 10 Ala. 213; Shorter v. Urquhart, 28 Ala. 360.

The statement is as unartificial as it well could be made; and doubtless, if a demurrer to it had been interposed, it must have been sustained. But we are of the opinion, that it sets forth such a cause of action as will prevent a reversal after verdict and judgment. We do not mean to assert, that the sureties of the constable would have been liable for a trespass committed by him, by levying on property exempt from execution, if the measure of their liability were not controlled by statute.—See Governor v. Hancock & Harris, 2 Ala. 728; People v. Schuyler, 2 Barbour, 166; The State v. Brown, 11 Iredell, 141; Commonwealth v. Cole, 7 B. Monroe, 250; 6 Watts & Serg. 513; 6 Wendell, 45; 4 Bibb, 219; 2 Leigh, 630.

Section 118 of the Code prescribes, as the condition of a constable's bond, the faithful discharge of the duties of his office. By the 3d clause of section 130, every official bond, executed under the Code, is made obligatory on the principal and his sureties, "for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office, as by his failure to perform, or the improper or neglectful performance of those duties imposed by law." In Simmons v. Hancock & Harris, *supra*, this court had decided, that the sureties of a sheriff would not be responsible for his malfeasance, unless the malfeasance included a misfeasance also; "as, for instance, if the sheriff should wantonly destroy property levied on by him, this would be a tortious act; but there would also be a tortious omission of his duty, which is to keep the property safely." Now this decision left no remedy against the sureties of an officer, in those cases where he had committed a wrong, under the assumed and

pretended authority of his office, by virtue of process in his hands. To meet and provide for such cases was, partly at least, the object of that clause of the Code under consideration. The object of the Code is, to extend the remedy beyond those cases in which a wrong is done in the discharge of the legitimate duties of the office, to those in . which a wrong is done under color of office. Color of office is defined by Bouvier, in his Law Dictionary, to be where a wrong is committed "by an officer, under the pretended authority of his office." The phrase, "color of office," occurs in the criminal law, treating of prosecutions of officers for extortion. "Extortion, in its strict, legal acceptation, signifies the taking of money by any officer, by color of his office, either where none at all is due, or not so much is due, or where it is not yet due." 2 Chitty's Criminal Law, 293, note *w ;* 4 Bla. Com. 142.. In Webster's Dictionary, color is defined to be, guise, appearance, pretense. . A constable must be said to have acted under the color of office, when, by the assumed but unreal authority of his office, he levies process in his hands on property exempt by law from execution, and retains and sells it after the affidavit required by law has been made.

The statement of the cause of action says, in effect, that the appellants were the sureties of their co-defendant, on his official bond as constable ; that the constable wrongfully took and sold the goods and chattels mentioned; that he took them as constable, under color of office ; that the plaintiff, after the taking, made affidavit according to law, that he was the head of a family, residing in this State, and that said property was exempt from levy and sale by any process whatever ; which affidavit was exhibited to the officer, but he nevertheless refused to deliver up said property, but sold the same. This statement, we decide, sets forth what will be deemed, after verdict and judgment without objection below, a substantial cause of action against the appellants.—Code, § 2466. Under the rule as to favorable intendments, which ought to be applied for the maintenance of a declaration not objected to below, every requisite necessary to make the

defendants liable under section 2466 of the Code is found in this declaration. It does not state that the affidavit was made within five days; but it does state that it was made "according to law;" and we will intend, after verdict and judgment, that it means thereby within the time prescribed by law.—Castle v. McMath, 1 Ala. 326; Morrison v. Morrison, 3 Stewart, 444; Bumpass v. Webb, 3 Ala. 109; Hargrove v. Smith & Co., 1 Ala. 80; Lucas v. Hitchcock, 2 Ala. 287; Doughty v. Colquitt, 2 Ala. 337; Blount v. McNeill, 29 Ala. 473.

No objection can be here taken for the first time, that there was no replication to the defendant's plea, or issue taken upon it.—Abercrombie v. Mosely, 9 Porter, 145; Malone v. Donally, Minor, 12; Dade v. Buchanan, *ib.* 415; Hubert v. Collier, 6 Ala. 269; Evans v. St. John, 9 Porter, 186. Nor will this court reverse, because the defendants pleaded *not guilty* to an action on an official bond, and the verdict was rendered on it.—Stone v. Gover, 1 Ala. 287. Neither will it reverse, because the verdict is for damages.—Sanford & Carter v. Richardson & O'Neal, 1 Ala. 182; Carroll v. Meeks, 3 Porter, 226; Malone v. Hathaway, 3 Stewart, 29; Briggs v. Greenlee, Minor, 123; Fuqua v. Stone, 1 Stewart, 438.

The judgment of the court below is affirmed.