## STUBBS *vs.* LEAVITT.

[BILL IN EQUITY TO ENJOIN JUDGMENT AT LAW.]

1. *When equity will grant relief against judgment at law.*—To entitle a party to equitable relief against a judgment at law, on account of legal defenses which he failed to make, he must exempt himself from all blame for not making such defenses at law; but where he shows that he was not served with process, had no notice of the suit at law during its pendency, and neither appeared nor authorized any one to appear for him, he is entitled to relief.

2. *Averments of bill construed against complainant.*—An allegation in a bill, which seeks relief against a judgment at law against complainant and another as partners, "that by the records of said court there appears to have been an appearance entered by some one," must be construed to mean that the appearance was entered for both the defendants.

3. *Presumption as to regularity of appearance.*—Where an appearance is entered for both of the defendants in an action at law, it must be presumed to have been entered by an attorney duly authorized, or by each defendant for himself.

4. *Burden of proof as to negative averment.*—Where a party seeks relief in equity against a judgment at law, on the ground that he was not served with process, and had no notice of the pendency of the suit; and shows by his bill that an appearance was entered for him, which he alleges was unauthorized, it is incumbent on him to prove that the appearance was unauthorized.

Appeal from the Circuit Court of Montgomery.

Heard before the Hon. Wade Keyes.

THIS bill was filed by Theodore B. Stubbs, to enjoin a judgment at law against himself and James E. Stubbs, as partners composing the firm of James E. Stubbs & Co., in favor of J. W. & R. Leavitt. The action at law was founded on a promissory note, purporting to have been executed by said James E. Stubbs & Co., and representing on its face that complainant was a partner in said firm. The writ was issued against complainant and James E. Stubbs, as the partners of the firm, and was returned by the sheriff "executed." An appearance was entered, and judgment rendered against both defendants. The bill alleges, that complainant was not a member of said firm, was not served with process in said suit, had no notice whatever of its pendency, and neither appeared nor authorized any one to appear for him.

The chancellor dismissed the bill, on final hearing, and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.
GEO. GOLDTHWAITE, contra.

RICE, C. J.—The bill is filed for relief against a judgment at law. The only defenses set forth in the bill, to the note on which the judgment is founded, are such defenses as could have been made at law; and it is well settled, that, in such a case, the complainant is not entitled to relief in chancery, unless he exempts himself from all blame for not making his defenses at law.—Taliaferro v. Br. Bk. at Montgomery, 23 Ala. 755, and authorities therein cited; Cullum v. Casey, 1 Ala. 351.

The excuse alleged by the complainant, for not using his defenses at law, is, that he was not served with process, had no notice of the suit at law during its pendency, and did not appear nor authorize any one to appear for him. These negative averments show a sufficient excuse, if they are established in any lawful mode. And the complainant contends, that, although they are denied in the answer, he is not required to adduce evidence of their truth, but that they cast upon the defendant the burden of proving that the complainant was served with process, or that he

appeared or authorized an appearance. Whether that position of the complainant would be defensible, if it was not affected by any other allegation of his bill, we need not decide; for we find in the bill, in connection with the aforesaid negative averments, an allegation which, properly construed, casts upon the complainant *the burden of proving* that he did not authorize the appearance which was entered in the action at law. That allegation is, that "by the records of said court [the court of law] there appears to have been an appearance entered by some one." Construing that allegation most strongly against the complainant, as we must do, it amounts to an admission, that the appearance entered in the court of law, as shown by its record, is an appearance for both defendants in the suit in that court; that is, *for the complainant*, as well as for his brother James. If that appearance had been entered for said James only, we cannot doubt that it would have been so alleged in complainant's bill. And as it is thus admitted in the bill, that the record of the law court shows an appearance for both defendants in the suit in that court, we are bound to presume, in the absence of evidence to the contrary, that the appearance was regular, and authorized as to both defendants. The 1st general of practice directs the manner and book in which an appearance is to be entered by attorneys and solicitors. The 2d general rule declares, that "no one shall be permitted to appear in a cause as counsel or attorney, unless he has been employed therein, and his appearance has been entered as aforesaid, or unless he represents other counsel whose appearance has been so entered, or may have the special leave of the court." Clay's Digest, 605, § 1 and 2. We cannot presume, that the law court disregarded these rules; but, on the contrary, we must presume that it required their observance, and that the appearance entered was entered either by an attorney duly authorized to enter it, or by each defendant for himself.—Ethridge v. Fuller, 6 Ala. 58; Hobson v. Emanuel, 8 Porter, 442; Moore v. Phillips, *ib.* 467; Denton v. Noyes, 6 Johns. Rep. 296; Scott v. Israel, 2 Binney's Rep. 145.

As this presumption arose from a statement in the bill, it was clearly incumbent on the complainant to repel it by evidence, as well as by allegation. He could not do it by mere averments, although negative in form and appearance. "Allegations essential to the support of a party's case, although negative in form, may be affirmative in reality; and the nature of language is such, that the same proposition may, in general, be expressed at pleasure in an affirmative or negative shape."—Best on Presumptions, 40.

The presumption, arising from the admission in the bill, of the entry of an appearance for both defendants in the suit at law, not being repelled by evidence, we must hold that the excuse for not making the defenses at law is not established, and that the bill was properly dismissed. Cullum v. Casey, *supra.*

Decree affirmed, at the costs of appellant.