# Kelly *v*. Moore.

*Action against Justice of the Peace and Sureties on Official Bond, for Wrongful Arrest and Imprisonment.*

1. *What errors avail after judgment by default.* — Under the provisions of the Revised Code (§ 2811), only substantial defects in the complaint are available on error, after judgment by default.

2. *Liability of justice and sureties on official bond, for wrongful arrest and imprisonment.* — Under the statute declaring the legal effect of official bonds (Rev. Code, § 169), the sureties on the official bond of a justice of the peace are liable, jointly with him, for a wrongful arrest and imprisonment by him under color of his office.

3. *Sufficiency of complaint.* — In an action against a justice of the peace and the sureties on his official bond, a complaint which alleges that the said justice, under color of his office, and without reason or probable cause, caused plaintiff to be arrested and imprisoned in the county jail, and that by reason of said illegal arrest and imprisonment, and to obtain his discharge from the same, plaintiff was put to great expense, and was compelled to employ counsel to prosecute a writ of *habeas corpus*, shows a substantial cause of action.

4. *When cause stands for trial.* — Under the provisions of the "stay law" of 1866 (Rev. Code. § 2660), an action to recover damages for a wrongful arrest and imprisonment, whether in the form of case or trespass, stands for trial at the first term, if the summons and complaint have been executed twenty days before its commencement.

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

The complaint in this case was in these words: " The plaintiff claims of J. M. McGovern, a justice of the peace in and for the county aforesaid, and of James Kelly, John F. Powers, William H. Williamson, and Joseph Hastings, as sureties on the official bond of the said McGovern as such justice of the peace, the sum of one thousand dollars as damages, for that whereas, on the 11th day of December, 1871, the said McGovern did, under color of his office as such justice of the peace, cause the plaintiff to be arrested, imprisoned, and committed to the jail of said county; by which he was deprived of his liberty for a long time, viz., twenty-four hours or more, without any reason or probable cause therefor. By reason of said illegal arrest and imprisonment, plaintiff was put to great expense, and compelled to pay large sums of money in obtaining his discharge, as he was compelled to employ counsel to prosecute a writ of *habeas corpus* before the judge of the city court

[Kelly v. Moore.]

of Mobile, to effect his discharge from said illegal deprivation of his liberty; and on the hearing thereof, plaintiff was forthwith discharged and released from imprisonment. Plaintiff was also, by reason of said imprisonment, compelled to pay other costs and expenses of said proceedings before said city court, and was taken from his business, and lost a large sum of money thereby, and suffered much distress and anxiety, both in body and mind, by the disgrace and ignominy of said imprisonment in the county jail for the time aforesaid, and being deprived of his liberty; all amounting to said sum of one thousand dollars. Wherefore he brings his suit."

The action was commenced on the 26th December, 1871, and the summons and complaint were executed on all the defendants on the same day. On the 1st June, 1872, a day of the next ensuing term of the court, judgment by default was entered against all the defendants, with a writ of inquiry; and on the execution of the writ, at a subsequent day of the term, the plaintiff's damages were assessed at $110. The judgment by default is now assigned as error; also, that the complaint does not show any cause of action.

ALEX. McKINSTRY, with L. H. FAITH, for appellant.

BOYLES & OVERALL, contra.

BRICKELL, J.— Since the Code, only substantial defects in a complaint are available on error, after a judgment by default. Browder v. Gaston, 30 Ala. 677; Childress v. Mann, 33 Ala. 206; Douglass v. Beasley, 40 Ala. 142. A material inquiry in this case is, whether the complaint contains a substantial cause of action. The gravamen of the complaint is, that one of the defendants, who was a justice of the peace, under color of his office, without any reason or probable cause therefor, caused the plaintiff to be arrested and imprisoned, and that to procure his release from such imprisonment, the plaintiff, at great expense, was compelled to resort to the writ of habeas corpus. The complaint is not carefully drawn, and would probably have been subject to demurrer, if it had been interposed. But, under the authority of McElhaney v. Gilleland (30 Ala. 183), it must, we think, be regarded as presenting a "substantial cause of action." It avers the arrest and imprisonment of the plaintiff, without reason or probable cause, by the defendant McGovern, under color of his office of justice of the peace. It must be observed, the wrong complained of is not an erroneous or corrupt exercise by the justice of the jurisdiction the law confers. It is an abuse of the authority of his office; a pretended, not a real exercise of his

jurisdiction. "Under color of his office," he arrests and imprisons the plaintiff. This was a misdemeanor at common law, and a tort for which an action could have been maintained against the justice. The sureties on his official bond would not, at common law, have been liable for this tort. The malfeasance of their principal, of which misfeasance could not also be predicated, was not within the scope of their obligation. *Governor* v. *Hancock*, 2 Ala. 728; *McElhaney* v. *Gilleland*, 30 Ala. 183. This was deemed a defect in the common law, and to cure it the statute now extends the liability of sureties on official bonds to injuries from wrongful acts done by the officer under color of his office, as well as to the non-performance, or negligent performance of official duty. R. C. § 169. The complaint avers the wrong, as we have stated, the official character of McGovern, and the execution of an official bond, with the other defendants as sureties. However inartificial these averments may be, they must, after judgment by default, be deemed to disclose a substantial cause of action against all the defendants jointly.

There was no error in the rendition of judgment at the first term, the summons having been executed twenty days previous to the return day thereof. We do not deem it necessary to inquire what is the form of action adopted by the pleader in deciding this question — whether it is trespass or case. Whether the one or the other, under the statute (R. C. § 2660), it was properly triable at the first term. The purpose of the statute was to render every action, commenced by summons, for a tort, or founded on contract made subsequent to 25th July, 1865, triable at the first term, if the summons had been served twenty days previously. True, the statute does not nominate an action on the case, as one of the actions so triable, but it does nominate "actions of trespass." Trespass, in its most extensive signification, includes every description of wrong, for which an action will lie. Hence, at common law, an action on the case was called "trespass on the case." The form of the declaration was, "A. B. complains of C. D., of a plea of trespass on the case." It is evident from the reading of the statute, that the intention was to render every action for a tort triable at the first term, when suit was commenced by summons; and it is but a just construction to accept the phrase "actions of trespass," in its largest signification, as embracing as well the action on the case, as the technical action of trespass *vi et armis*.

There is no error in the record, and the judgment of the court below is affirmed.