Vak Voorhis, J.
There is no triable issue concerning the validity of the Arkansas divorce decree obtained by defendant against plaintiff in 1942. The documentary evidence now before the court establishes, as matter of law, that plaintiff entered a general appearance in the Arkansas action, and consequently cannot be heard to contest the divorce decree entered in that State. Plaintiff admits that she authorized her Arkansas lawyers to interpose a notice of appearance in her behalf for the purpose of contesting her husband’s allegation that he was domiciled in that State. This constituted a general appearance (Muslusky v. Lehigh Valley Coal Co., 225 N. Y. 584, 588; Jackson v. National Grange Mut. Liability Co., 299 N. Y. 333), notwithstanding that the paper stated that her appearance was special (Matter of Atterbury, 222 N. Y. 355, 362; Davis v. Davis, 305 U. S. 32, 42). The only purpose of a special appearance is to challenge the jurisdiction of the court over the person of the defendant. Here, it was sought to contest the jurisdiction of the Arkansas court over the subject matter of the action (see Williams v. North Carolina, 325 U. S. 226). “ The question is less what it is called than what it is. * * * the quality of the plea depends upon its contents ” (United States v. Storrs, 272 U. S. 652, 654). If the rule were otherwise, husbands or wives could appear in courts of other States for the purpose of contesting the domicile of their adversaries without being bound by the judgment which, under the Federal Constitution, is entitled to full faith and credit in this State (see Henderson v. Henderson, 247 N. Y. 428, 433, and Sherrer v. Sherrer, 334 U. S. 343).
Neither can plaintiff escape being bound by the Arkansas decree for the reason that her attorneys withdrew before it was entered, manifestly without prejudice to proceedings already had. There was no attempt to vacate her appearance in that action, as is shown by the written request of her attorneys to *644 withdraw and the order of the court permitting them to do so, which are printed in the record. The attorneys’ application was to “ the court to enter an order noting the withdrawal of said attorneys as counsel herein ”, and “ to withhold any further proceedings in this cause for a reasonable time to permit the said Margaret C. Henricks to make arrangements for representation by other counsel.” When new attorneys were substituted, it was clearly intended that she was to retain the benefit of the previous notice of appearance. The order which was entered upon said applications recited that it “ finds that said attorneys should be permitted to withdraw as counsel herein ”, but denied the requested adjournment. What her attorneys had done in her behalf was not being undone. She subsequently made affidavit that she authorized them to appear to contest the domicile of her husband in Arkansas, that she was informed of what occurred throughout the proceedings in the Arkansas court, and that the divorce that was entered against her is valid. This can mean only that she authorized her attorneys to appear, but later acquiesced in the default.
As said in the opinion of Justice Holmes in German Sav. & Loan Soc. v. Dormitzer (192 U. S. 125, 128), “ a respondent cannot defeat jurisdiction by disappearing. Indeed in strictness only the attorney disappeared, and the respondent simply ceased to defend the suit.” To the same effect see Mason v. Abbott (83 Ill. 445, 446); Famous Mfg. Co. v. Wilcox (180 Ill. 246); Wilson v. Hilliard (5 A. [Pa.] 258); Ethridge v. Fuller (6 Ala. 58); Henck v. Todhunter (7 Har. & J. [Md.] 275), and Bailey v. Coventry (130 Misc. 269).
Were the rule otherwise, it would enable parties to appear in courts of sister States, but to make a hasty exit before judgment if met with the judicial frown.
In this instance it is unnecessary to resort to any general rule, since the Arkansas court interpreted its own order by a recital in the decree of divorce. This decree recites that it was entered not only upon the complaint and evidence taken, but also upon the “ special plea of the defendant ”. Manifestly, it could not have been entered on the defendant’s plea if her plea had already been nullified by the termination of her representation by attorneys. As previously indicated, plaintiff’s plea in the Arkansas action was special in name only. It was a general appearance, as the courts have repeatedly held.
It does not matter that plaintiff eventually chose not to litigate the question of domicile in the Arkansas action. The Arkansas judgment is binding upon her with respect to all issues which *645 were necessarily involved that could have been litigated therein (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304; Lynn v. Lynn, 275 App. Div. 269).
Unless we are prepared to reopen the settled rules that a general appearance in a divorce action in another State precludes the party appearing from contesting the divorce in an action in New York State, or that a special appearance can be interposed only to question jurisdiction over the person of the defendant, then there is no triable issue between these parties affecting this Arkansas divorce.
Even if any question were raised with respect to some misconduct on the part of plaintiff’s Arkansas attorneys in allowing judgment to be taken against her by default, she would have had to have applied promptly in the Arkansas court to open the decree. Instead of doing that, she made formal judicial admission in New Jersey that she was validly divorced in Arkansas, and two years later swore to the same effect in an affidavit to perfect title to real property. In a property settlement agreement disposing of a suit in the New Jersey Chancery Court, dated September 18, 1943, it was recited over plaintiff’s signature that “ on the 10th day of March 1943, the said marital relationship was terminated by the entry of a final decree of divorce in the Pulaski Chancery Court of the State of Arkansas in that certain cause entitled, ‘ Arthur P. Henricks, Plaintiff vs. Margaret C. Henricks, Defendant ’, in which cause Margaret C. Henricks appeared by counsel Owens, Ehrman & McHaney, to contest Plaintiff’s action ”. In 1945, the plaintiff executed an affidavit in connection with the placing of a mortgage on real estate which she had acquired as a result of the New Jersey settlement, in which she represented to the mortgagee that “ a final decree of divorce was entered on March 10,1943 in Pulaski Chancery Court, Little Bock, Arkansas, terminating said marriage ’ ’. In the same affidavit she stated that she was represented by one Paul M. Struck in all legal matters relating to her former husband, the defendant herein, ‘ ‘ as well as before, during and after said divorce, and through him arrangements were made to have me represented in said divorce suit by lawyers in Little Bock, Arkansas, and I authorized such representation, and was so represented in said suit, and was familiar with said suit throughout, and advised and informed thereof throughout by Mr. Struck, and no question concerning said divorce, or the effect thereof, has ever been raised by me or by Mr. Struck, and since March 10, 1943 said divorce has been in full force and effect and said marriage terminated ’ ’.
She should not he allowed to question it now.
*646 The order appealed from should be modified so as to grant defendant declaratory judgment determining that said divorce decree entered in Arkansas in 1943 is binding upon plaintiff.
Peck, P. J., Glennon and Callahan, JJ., concur; Dobe, J., dissents and votes to affirm the denial of the summary judgment.
Order modified so as to grant defendant declaratory judgment determining that the divorce decree entered in Arkansas in 1943 is binding upon plaintiff and, as so modified, affirmed. Settle order on notice.