## MALONE & CO. v. HATHAWAY.

1. In an action against the indorser of a promissory note, under the statute of 1812, judgment by default final may be rendered, without the intervention of a jury.
2. A judgment in an action of assumpsit, will not be reversed because entered for debt and damages, instead of damages only.

ONE Scales made a promissory note for $288, dated the 30th of August, 1826, and payable to Malone & Co. one

day after date, in current money. Malone & Co. on the 18th of September, indorsed the note to Hathaway; and in October 1826, Hathaway brought an action of assumpsit in Madison Circuit Court, against Malone & Co. as indorsers. The declaration was in the usual form; no plea was filed by the defendants, and at May term 1827, a judgment by *nil dicit* was rendered for the plaintiff, in form of a judgment of debt, for $288 debt, and $11 damages.

It is assigned for error by Malone & Co., the plaintiffs in error, 1st, that a jury should have assessed the damages. 2nd, that the judgment was in debt instead of assumpsit.

HUTCHISON, for the appellants. The statute authorizing judgment final to be rendered without the intervention of a jury, does not embrace this case; it applies to and authorizes such judgment only in cases where the instrument ascertains the sum due; *a* and therefore does not apply to indorsers; for they are not always to be charged to the full amount of the note, and that amount is not the criterion by which the *quantum* of damages is ascertained; it is the consideration given for the indorsment, which does not appear on the paper, and therefore it does not ascertain the sum due. He cited *Moreland v. Ruffin,* *b* *Phillips v. Malone.c* The indorsment is not of itself the foundation of an action; it is merely matter of inducement.

BRANDON, contra, was stopped by the Court.

By LIPSCOMB, CHIEF JUSTICE. The only point insisted on by the plaintiffs in error is, that the judgment by *nil dicit* should not have been final, but that a jury should have been empannelled to assess damages. It is said that this case does not come within the provisions of the act of assembly making judgment by default, *non sum informatus,* or *nihil dicit* final, when the action is founded on any writing ascertaining the sum due; that the writing here is not the foundation of the action, but only an inducement to it. If the suit had been between the maker and the payee, there would have been some plausibility in the objection taken by the plaintiffs in error. It was formerly held that a promisory note did not of itself import a consideration, and therefore could not be the foundation of an action; but this doctrine has not been sustained by this Court, and we have held, as well under the influence

JULY 1830.

Malone & Co.
v.
Hathaway.

*a* Laws of Ala
70.

*b* Minor's Ala.
R. 18.
*c* Ibid. 110.
Ibid. 68, 126,
286.

of modern English adjudications, as our own statute, that a promissory note does, of itself, imply a sufficient consideration to support an action.

The indorsement of the note put it in circulation, and made it a bill of exchange. An indorsement on a bill has at all times implied a sufficient consideration; every indorser is a new drawer of the bill, and his indorsement is a sufficient foundation for an action, if the necessary steps to charge him have been previously taken. The judgment by *nihil dicit* is an admission at law that all those requisite steps had been taken; and acknowledges the cause of action. We are all of opinion that the judgment by *nil dicit* in this case was clearly within the statute, and final without the necessity of resorting to a jury to assess damages. It is further assigned for error that the action is assumpsit, and the judgment in debt. It has been often decided by this Court, under our statute of *jeofails*, that if the amount is correct; it is no ground of reversal though it should be improperly called debt, or damage.

Judgment affirmed.