JOHN W. MOORE vs. WILLIAM C. COOLIDGE.

*Error from Monroe Circuit Court*—Before the Hon. SION L. PERRY.

A judgment cannot be reversed for excessive damages where it corres-
ponds with the verdict, and there is nothing in the record conclusively
showing that the verdict is unjust or illegal.

This was an action of assumpsit, brought by Coolidge, as
assignee of an accepted bill of exchange, against Moore, the
acceptor.    There was but one count in the declaration, which
was upon the bill of exchange ; the amount of which was
charged to be $672.    There was an averment of non-pay-
ment, but no averment of protest.    No plea appears upon the
record ; yet there was a jury and verdict.    The verdict was
for $793 45 ; being more than the amount of the bill, with
interest.    There was no bill of exceptions ; and the error re-
lied upon is, that the verdict and judgment are illegal for
excess.

GOLDTHWAITE, for Plaintiff in error.
The ten per cent. damages allowed by our statute on pro-
tested bills of exchange, are intended as a compensation for
exchange and re-exchange.    Such is the design of damages
by the common law ; and such is the meaning of the statute.
But the reason fails, when the suit is brought against the ac-
ceptor ; and the law therefore cannot apply.    I will refer the
court to *Chitty on Bills*, 424—12 *East*, 420—*Chitty on Bills*,
425, *note*—*Aikin's Dig.* 328—*Toulmin's Dig.* 68.    Where
payment is obtained, either with or without suit from the ac-
ceptor, it is obtained from the person designated in the bill,

and the only damage is the delay and expense of suit; which are compensated by the interest and costs.

Where a statute is introduced to affect the common law, it must be construed according to the common law. Now we show, that independent of the statute, damages could not be rendered against the acceptor. The statute only fixes the amount of damages, which was uncertain before. In New York, the rule is different. But the decision is wrong : it was made only by a bare majority of the court. If it be contended that damages may go against the acceptor, yet by our statute, a protest is essential to the giving of the damages allowed. See the 4th and 6th sections of the act referred to ; also, *Chitty on Bills*, 311, as to the English decisions on the subject.

In this case, it does not appear that there was any protest—See 2 *Chitty's Pl.* 46, 57, 58 ; by which it will appear that the precedents all set out the protest. Precedents are not authority ; but they may very properly be consulted, to aid in giving authorities their proper application ; and where they concur invariably, they will go far in sustaining a position.

Stewart, *contra.*

The court cannot consider the question, made by the counsel for the plaintiff in error. The verdict was given, and the judgment rendered as on plea filed. If the record shows no plea, this cannot alter the case. The defendant appeared ; and if he filed no plea, it was his own fault. The judgment being in pursuance of the verdict of a jury, will be presumed to be in accordance with the proof, unless the contrary appear by the record.

But, to the merits of the question : formerly, the damages for the non-acceptance or non-payment of bills of exchange were not fixed. They were different in different cases, according to the difference in exchange. These damages be-

came fixed, however, by the law merchant, and the usages of merchants came to be recognised as the law of the land. The idea of exchange no longer governs. Our statute has dispensed with it by a fixed amount, to wit, ten per cent. The statute gives damages against the drawer and the acceptor. It says, " damages shall be had thereon." Damages are not given so much for difference of exchange, as to compel punctual payment of commercial debts. Checks even draw damages : all papers of this character are put on an equal footing, except where they are under twenty dollars; The presumption, when a bill is drawn, is that the acceptor has funds; that he owes the amount. Punctuality on the part of the acceptor, is important to commercial confidence. Can the acceptor be exempt from damages, he owing the amount, when if recourse should be had to the drawer, he would be liable to these damages ? I draw on B, who owes me for $1000 : shall I be liable to pay $1100, while he would only be liable to pay $1000? Whose fault would it be that the debt was not paid punctually. Not mine, surely, but his. He then ought to be liable to damages.

The New York statute gives damages over and above exchange—12 *Johns.* 17—See also *Chitty on Bills*, 426.

But as to the protest. There was a protest in this case ; which appears in the record sent up from the court below. But it is not necessary that the protest should be set out in the declaration. The object of the protest is to give notice, and thereby secure damages. The language of the statute of our state, in regard to the notice and protest, relates only to the drawer. The usual form is not to aver protest in the declaration. Its use is to enhance the damages on the trial. The declaration was good without such averment. There was no ground for demurrer. This objection, however, was not made on the trial below, and now the party is entirely precluded from making it. If the objection were a good one, this court, from the record, is bound to presume that it was was waived in the court below.

GOLDTHWAITE, in reply.

The rule of law is, that the party cannot recover more than he asks for. Suppose a case where the plaintiff sues for one hundred dollars, and the jury gives a verdict for ten thousand; would there be no relief on the ground of error ?

If protest must be made to charge the drawer or indorser with damages, and if the acceptor be liable to damages, is not the same rule applicable as to him, to fix his liability ? The counsel for defendant in error rests his argument altogether on the 4th section of the statute, to which he refers; but this will not do ; the 4th and 6th sections must be taken together, for the proper understanding of the law. The rule as to bills is laid down in the 6th section ; and the rule as to other papers, is laid down in the 4th : the 6th section does not fix the damages on any party. It merely refers to damages. What damages? Those of exchange and re-exchange; and against the acceptor none were recoverable.

By Mr. Chief Justice SAFFOLD :

Coolidge brought assumpsit in the Circuit Court against the plaintiff in error, as acceptor of a bill of exchange for $672 ; the same having been indorsed to the former.

The record shows a *verdict* and judgment for $793 45, which is more than the amount of interest which could have accrued upon the bill. The counsel for the plaintiff in error, insists that the excess must have been allowed as ten per cent. damages, for the non-payment or protest of the bill, and which he insists was unauthorised by law. This is the only assignment of error now relied upon—that the jury rendered a verdict for more damages than the law authorised.

The argument embraced fully the question, whether or not, in an action against the *acceptor* of a bill of exchange, the plaintiff can recover the ten per cent. damages, under any circumstances. The counsel for the present defendant, maintains the affirmative, but contends that the question is

Moore
vs.
Coolidge.

not presented by the record, and cannot be considered in this case.

It is true that the record contains no bill of exceptions, or any thing showing any opinion or instructions of the court on any point of the case, unless it be in rendering judgment in strict pursuance of the verdict. The mistake or error in the verdict and judgment can only be presumed, on the hypothesis, that the writ and declaration state correctly the amount of the bill—that they do may be very probable, but this presumption is not sufficient to set aside the verdict. The law has prescribed a different remedy in case of an unauthorised verdict ; this is by motion for a new trial in the court below : or if the illegality originated in the instructions of the court, and exceptions had been then taken and spread on the record, the same would have become subject to the revision of this court, in error. In this respect the effect of a verdict is entirely different from that of a judgment by default, *nil dicit*, or on demurrer, &c. : in those cases the court is authorised "to enter judgment for the debt or demand, and interest thereon, to be calculated by the clerk of such court up to the time of ᵃAik. D. 269. rendering judgment, without the intervention of a jury."ᵃ

The provisions of the later statute, authorising this court, where there has been a miscalculation of interest, or other clerical misprision, in entering judgment, to order the same ᵇAik. D. 266. to be amended at the cost of the plaintiff in error,ᵇ are equally inapplicable. The judgment corresponds with the verdict, and there is nothing of record conclusively showing that the latter is unjust or illegal ; nor is there any intimation of dissatisfaction with it at the trial, when both parties appear to have been present, to maintain and defend their rights.

Under this view of the case we cannot decide, therefore, it is unnecessary to consider the principle relied on by the counsel for the plaintiff in error.