CARROLL *versus* MEEKS.

QUESTIONS IN THIS CAUSE.

*Does debt lie against the maker of a note, by the bear-*
*er.*

*Whether, the action being debt, the judgment can be en-*
*tered, as in assumpsit.*

*As to the right of the bearer of a note, to sue the mak-*
*er thereon, there being an intermediate indorsee, be-*
*tween the bearer and his assignor.*

*The competency of a payee and indorsee of a note, to*
*testify in an action by a bearer, against the maker.*

1. The action of debt will lie, upon a promissory note, made payable to bearer, by the bearer, against the maker.
2. That a judgment is entered *informally*, as in *assumpsit*, the action being debt, is no cause of reversal in error---the judgment being for the proper amount declared on.
3. Where a note, payable to bearer, is declared on, as having been transferred by the payee, to the plaintiff, and the note shows an indorsement to an intermediate party; it will be presumed, that the note has been returned by the indorsee, to the payee, and, by him delivered to the bearer---so far as to authorise the latter to sue thereon, in his own name.
4. The bearer of a promissory note, which has been transferred to him, by delivery, may well maintain an action thereon, against the maker, without setting out a title through any intermediate assignments.
5. In an action against the maker of a note, by the bearer, the payee is not competent to prove the making of the note---under the plea of *non est factum.*
6. But an intermediate indorsee who returns the note to the payee, before the latter delivers it to a bearer, is a competent witness for the plaintiff, in such an action.

This was an action of debt in Wilcox Circuit Court, commenced and prosecuted by the defendant

in error, as the bearer of a promissory note. The note was payable to John Owen, or bearer, and, by Owen, endorsed to Peter Armstrong; and the declaration of the plaintiff contained an averment, that the note had been transferred, by delivery, by the payee, to the plaintiff. The pleas were, the statute of limitations and *non est factum;* and under these issues, a verdict and judgment were had for the plaintiff.

On the trial below, the defendant objected to the introduction of the note, as evidence of the demand, on the ground, that it was, *prima facie,* the property of Armstrong, the indorsee; but the Court overruled the objection. Owen, the payee of the note, and Armstrong, the indorsee, were then introduced, to prove the making of the note; and, they both gave testimony, notwithstanding the objection of the defendant, to their competency.

It was assigned for error, in this Court—first, that the judgment rendered in the cause, was informal, being in the nature of assumpsit: secondly, that debt did not lie against the maker of a note, in favor of the *bearer:* thirdly, that the plaintiff could not sue as bearer of the payee, there being an intermediate indorsee: fourthly, that Owen and Armstrong were incompetent as witnesses, to prove the making of the note; and, that the Court erred, in overruling the objection made to their competency.

Argued by *Porter,* for the plaintiff in error; and *Mr. Aikin,* for the defendant.

HOPKINS, J.—In this case an action of debt was brought by the defendant against the plaintiff in er-

ror, upon a promissory note, which the declaration avers was made by him, for value received to one Owen or bearer. The right which Meeks showed to the suit, was as bearer of the note. Two pleas were filed to the action, one of the statute of limitations, and the other was *non est factum*, to which issues were taken.

Upon the trial of the issues, in the Circuit Court of Wilcox county, the plaintiff in the action produced the note, with an indorsement upon it, made by Owen to one Armstrong; and proved the making of the note by Owen, the payee, and Armstrong the indorsee.

To the note, as evidence, and the competency of the witnesses, the defendant objected, and to the opinion of the Court, which overruled the objection, he excepted.

To the first assignment of error, which denies the right of the bearer to maintain an action of debt upon the note, we deem it sufficient to say, that the note is an original promise by the maker, to pay any person who shall become the bearer of it. The right, therefore, of the bearer to the action, is the same which he would have had if the word bearer had been omitted, and the note had been made payable to Meeks, instead of Owen. Of his right in the latter case, there could be, we think, no doubt.

The next assignment, questions the sufficiency of the judgment, because it is in assumpsit. The judgment, though informal, was for the precise amount of the principal and interest due upon the note, and bound the plaintiff in error to pay no more, than an accurate judgment in debt would have done.

As the judgment has the same effect that a proper one would have, we could not reverse it, upon the ground, that it is in assumpsit.[a]                    [a] 1 Porter 15

The other questions to be determined, arise from the bill of exceptions.    The first is, does the indorsement upon the note, show that it is the property of the indorsee, and, therefore, that Meeks has no right to the action?

A note, payable to bearer, passes by delivery; and the holder need not make a title, through any assignment—but may claim, merely as bearer.    If he acquire it by delivery, from the indorsee of the payee, he may sue, upon the direct promise which the note contains, to pay the bearer.[b]    The indorsement would have no more effect upon the promise, in favor of the bearer, than the promise in the note, to the payee, has.    [b] 1 Mason R. 243

As the latter promise does not prevent the transfer of the note, by delivery, no reason is perceived, why the assignment of the benefit of the promise, should.

In this case, the bearer, in his declaration, unnecessarily makes title to the note, by a delivery, from Owen, the payee.    If Owen had brought this action, as payee, he could have maintained it, upon the presumption, that the note had been returned to him, by the indorsee.[c]    [c] 1 Stewart Rep. 154; 3 Wheaton 182

As the declaration contains an averment, that the payee assigned the note, by delivery to the bearer, which is not denied by either of the pleas, the presumption, that the indorsee had returned the note to the payee, and, that it was his property, when he delivered it to the bearer, is as reasonable as it is, in the cases, in which it has been admitted.

But, we think the Court erred, in admitting the evidence of the payee, to prove the making of the note. If the jury had found the plea of Carroll, by which he denied that he made the note, to be true, the bearer would have had a right to recover back the consideration which he paid Owen, for the delivery of the note. Owen was interested, therefore, in preventing such a verdict as would fix a liability upon him.[a]

If Armstrong the indorsee, had parted with his interest in the note, by a return of it to Owen, before the latter passed it, by delivery, to Meeks, he was a competent witness.

For the error, in admitting the evidence of Owen, let the judgments be reversed and the cause remanded.