### SANFORD & CARTER v. RICHARDSON & O'NEAL.

1. Where in an action of debt, a judgment was rendered for an aggregate sum in damages, equal to the debt and damages properly recoverable, the inequality is not available on error.

2. Where it does not appear from the record on what day the judgment was rendered, and when the court adjourned, (if necessary to sustain the judgment) an appellate court will intend that it continued its session up to the latest period authorised by law.

3. Where the judgment in an action upon a bill single for *nineteen hundred and thirty-four dollars*, was rendered for about eighty-six cents too much, the excess was regarded as too small, to induce an appellate court to reverse or correct the judgment. The case being a fit one for the application of the maxim *de minimis non curat lex*.

This case comes up by writ of error from the Circuit Court of Sumter.

THE defendants in error brought an action of debt against the plaintiffs on a bill single for the payment of nineteen hundred and thirty-four dollars, on the fifteenth day of August, 1837. At the Circuit Court of Sumter, which commenced its session on the first day of April, 1839, a judgment by default was rendered, against the plaintiffs in error, in favor of the defendants, for " the sum of two thousand one hundred and ninety-one dollars and eighty-six cents, damages sustained by reason of the non-performance of the promise and assumption in the declaration specified, together with costs expended, &c."

The plaintiffs here assign for error—1. That the judgment is for an aggregate sum in damages, instead of distinguishing as the form of the action required, so much as debt, and so much as damages.—2. That the judgment is rendered for a larger sum in damages than the principal and interests due upon the writing declared on.

BLISS, for the plaintiff.
METCALFE, contra.

Sandford & Carter v. Richardson & O'Neal.

COLLIER, C. J.—1. The precise point raised by the first assignment was determined by this court, in Carroll v. Meeks. (3. Porter's Rep. 226.) In that case the action was debt, but the judgment was in assumpsit. The court say: "The judgment, though, informal, was for the precise amount of the principal and interest due upon the note, and bound the plaintiff in error to pay no more than an accurate judgment in debt would have done. As the judgment has the same effect, that a proper one would have, we could not revise it upon the ground that it is in assumpsit." See also, 1. Porter's Rep. 15. The case first cited is conclusive to show that the first assignment of error is not well taken.

2. It does not appear from the record on what particular day of the term the judgment was rendered, or on what day of the month the court adjourned; we may then intend, that as the court might have continued its session for two weeks, that it did not adjourn until Saturday, the thirteenth day of April, and that, on that day, the judgment was rendered. The bill single became due on the 15th August, 1837, and interest began to accrue on the 16th of that month. Up to the 16th of April, 1839, the principal and interest together would have made the precise sum for which the judgment was recovered; so that the plaintiffs have been charged with interest for the 14th and 15th of April, making a fraction less than eighty-six cents. This sum is too small to induce this court to interfere with the judgment of the Circuit court, even to correct it. The case is a fit one for the application of the maxim *de minimis non curat lex*.

Let the judgment be affirmed.