# SPENCE v. THOMPSON.

1. Counts in debt for the statute penalties for extortion may be joined with one for money had and received, where the entire recovery goes to the party aggrieved.

2. On a statute providing the officer shall be liable in damages to the party aggrieved for four fold the fees illegally received, an action of debt will lie.

3. It is only necessary in a count on the statute to alledge that certain sums other and higher than those allowed by law, amounting in all to a sum named, were illegally demanded and received by the defendant as an officer, under certain process.

4. The circumstance that illegal fees are collected by a succeeding sheriff as due to a preceding sheriff, and paid over to him, is no defence to the statute action for extortion.

5. Proof of the receipt of a less sum than stated in the allegation, will sustain it; and proof that *higher* fees were received than allowed by law, is equivalent to proof that *other* fees than the law allows were received.

6. The return of a sheriff on a preceding execution that he had levied on slaves, is not evidence that he kept them for any definite time, so as to warrant a charge for their keeping, the time of keeping not being stated in the return.

7. When money has been illegally exacted, no demand is necessary to enable the party to maintain an action for money had and received.

8. Where in an action of debt, the verdict is in damages, for which judgment is given, this irregularity is not available on error.

Writ of Error to the Circuit Court of Talladega.

Debt, by Mrs. Thompson, against Spence.

The declaration contains several counts—the first of which states the cause of action to be, "that the defendant wrongfully and illegally as sheriff of said county, demanded and received of and from the plaintiff, under and by color of a certain *fi. fa.* [which is set out] for executing the same, and for his fees as sheriff upon the same, a higher sum of money and more and other recompense than is by law allowable, permitted and appointed; that is to say, divers sums, amounting in the whole to $9 43 more, other and

larger than his fees upon said execution," *contra formam statuti*, and from which the liability is deduced, to pay four fold the said fees so unlawfully received. The second and third counts describe other executions, and state the demand and receipt of illegal fees in the same form—in the one of $21 39, and in the other of $91 54. The fourth is an *indebitatis* count for money had and received. The defendant demurred severally to each count of the declaration, and also to it as entire. The court overruled the demurrers.

At the trial, the plaintiff gave in evidence the receipt of the defendant to one Shelly as her agent, for $126 28, as in full of an account thus stated :

Tarleton, Abrams & Co. ) Judgment—May, 1843.  $127 25
        v.         } Interest .......... .......    10 27
E. A. Thompson.        )
                                                           $137 52

     Paid exchange, 10 per cent........ ..13 72
     Sheriff's fees...... ....:.. ........ 9 72
     Court costs.... ..................... 9 43

                           $32 87
D. Roberson,    ) Judgment—Nov. 1840........ 1538 56
     v.       } 12 mo's interest..... ......... 123 04
E. A. Thompson. )
                                    1661 60

     Sheriff's fees.... ............91 54
     Court costs..... ............ .... 1 87—93 41
                                —————$126 28

This was admitted against the objection of the defendant.

The plaintiff then read in evidence two writs of *fi. fa.* in the above entitled cases, in the first of which the sheriff is directed to levy $127 25 damages, and $10 43 costs, and in the other $1538 56 damages, and $2 87 costs. Both appear to be returned satisfied by the defendant as sheriff. This evidence was also admitted against the objection of defendant.

There was evidence conducing to show that one Griffin was the defendant's predecessor in office, and that he had

made a levy or execution for the larger sum. The plaintiff also read in evidence certain entries on the execution docket of the clerk, in relation to various executions issued in said cases, showing a levy by Griffin on certain slaves.

The defendant offered in evidence another *fi. fa.* issued in the case for the larger sum to the defendant as sheriff, on which he returned a levy on certain slaves, and that the sale was postponed by the plaintiff in the suit.

It was also proved, that the defendant had paid Griffin, the former sheriff, his fees as charged, but the amount was not ascertained.

On this state of proof the defendant asked the court to charge the jury—

1. That if they found that a part of the costs and commissions taken by the defendant were taken for Griffin, and demanded for him and paid to him by the defendant, then the plaintiff could not recover the statute damages for the excess paid Griffin, and so demanded and collected for him.

2. That to sustain the counts in the declaration charging the defendant with taking *other* and higher fees than the law allowed, the plaintiff must show the defendant had received fees for services for which the law allowed no fees.

3. That if there was no proof other than the levy by the defendant on the *fi. fa.* of his having taken the slaves therein mentioned into his possession, the presumption was he did so take them, and he is allowed 25 cents per day for keeping them, and that the jury might look to this in ascertaining his fees.

4. That it was incumbent on the plaintiff to prove the excess of fees precisely *as charged* in the declaration—that unless the proof of the amount corresponded exactly with the allegations in some of the counts, the plaintiff could not recover, although the amount found was less than the account specified in the several counts.

5. That the plaintiff could not recover on the common count, unless she had before action brought demanded the excess of fees.

These charges were refused, and the jury instructed that the indorsement of the execution by the defendant was not evidence that he had the slaves in his possession for any

length of time, or that he was entitled to any compensation for keeping them.

The defendant excepted to the refusal to charge as asked, and to the charges given.

Errors are assigned upon the judgment on the demurrer, the several rulings excepted to at the trial, and also that the court gave judgment upon a general verdict, ascertaining the plaintiff's damages at $302 50.

RICE and CHILTON, for the plaintiff in error.

L. E. PARSONS, contra.

GOLDTHWAITE, J.—1. The question on the general demurrer is, whether the counts for the statute penalties are properly joined with the count for money had and received. The theory of joining different counts in the same declaration is, that they describe different causes of action—the practice is to multiply the counts, to avoid the consequences of failing upon a single statement of the cause of action, when upon some part of the entire case the plaintiff is entitled to relief. Pursuing the inquiry then, as if this plaintiff had distinct causes of action, the one by contract and the other by the statute, there seems no sufficient reason why he should not embrace them by one suit, if they can be classed in the same form of action. It has been held that debt for an amercement in a court leet, and on a *mutuatis* may be joined. [Bedford v. Alcock, 1 Wils. 248.] The rule is said to be, that when the same plea may be pleaded, and the same judgment must be, the counts may be joined, (2 Saund. 117c.) though the identity of the plea certainly does not constitute the test, as this would prevent the joinder of a count on a bill single, and one on a judgment or simple contract. Taking the rule however as stated, it covers this case, and the joining the counts is no error.

2. The objections to the counts on the statute resolve themselves into two—that the action of debt is not warranted by the act—and that the counts are not sufficiently specific if that action is proper. We shall examine each in its order. The statute provides that if any officer "shall demand and receive any other or higher fees" than prescribed,

" he shall be liable in damages to the party aggrieved for four fold the fees so unlawfully demanded and received, to be recovered before any court of competent jurisdiction." [Dig. 238, § 9.] It is supposed the terms "in damages" indicate the legislative will that the action to recover the penalty shall be case instead of debt. The entire force of the term, as indicating the action on the case is lost, when the nature of the penalty is considered. It is as fixed and definite as terms can make it, and there is no discretion as to the sum to be recovered. This must be four fold the fees illegally demanded and received; hence it appears there is no reason growing out of the terms, which require an action on the case instead of debt. It is said in 6 Bacon's Ab. 392, that if a penalty be given, but no action for the recovery, an action for debt will lie. This seems to furnish the general rule, and as there is nothing of sufficient force to indicate that another form of action was intended, that of debt seems entirely in accordance with principle.

3. The exception to the substance of the first three counts cannot prevail. The object of pleading is to advise the party what he is required to answer, and when; if this is sufficiently done, and a legal cause of action is exhibited, a declaration is good. Here, the counts substantially pursue the terms of the statute, as the defendant is charged with illegally demanding and receiving for fees higher and other recompense than that allowed by law, as well as specifying the aggregate sum so illegally received. This would be sufficient in an action for extortion, as the statement of the sum taken renders the allegation certain and specific. [Davy v. Baker, 4 Burr. 2471.] This statement of the sum taken seems necessary, in addition to the statutory definition of the offence, but is unnecessary to be proved precisely as alledged, as any sum illegally taken will sustain the count. [King v. Gillham, 6 Term, 265; Rex v. Burdett, 1 Ld. Raym. 149; 3 Chit. C. L. 293 n. w.]

4. The fact that a portion of the illegal fees were demanded on account of the former sheriff, and paid to him after their receipt by the defendant, is no defence to the action. The sheriff has no authority, without the mandate of the court, to collect fees due to a preceding sheriff; even if such fees are

Spence v. Thompson.

legally due but not taxed, and certainly cannot be permitted to avoid the consequences of an illegal exaction by showing it was made for the benefit of another.

5. The refusal to give the 2d and 4th charges requested was proper for the reason previously stated, to wit, that although some sum is essential to be stated as illegally taken, under color of office, to give certainty to the indictment, yet it is not necessary to prove the sum precisely as laid. Proof that higher fees were received than the law allows, is equivalent to proof that *other* fees than the law allows were taken.

6. The return of the sheriff that he had taken slaves in execution, is no proof that they were kept by him for any specific time. It is unimportant here to say, what would be the force of a return stating the slaves had been kept, as that is not in the return in evidence. Neither is it necessary to enter on the question whether any fees can be collected on an alias execution, other than those taxed, or as commissions for executing it.

7. There is no pretence to say, that when money has been illegally exacted, the sufferer is required to make a demand before suing for money had and received.

8. The circumstance that the verdict of the jury is in damages instead of finding the sum as a debt, is one of no importance, according to our course of practice. [Malone v. Hathaway, 3 Stewart, 29; Sandford v. Richardson, 1 Ala. Rep. 182; Carrol v. Meeks, 3 Porter, 226.] If the verdict was for more than was proper, a motion for a new trial was the mode to correct the error. [Moore v. Coolidge, 1 Porter, 280.]

On the whole we can ascertain no error in the record.

Judgment affirmed.