RIGGS *v.* PRICE.

A note for a certain sum in property not negotiable at common law; but such a note is assignable under the statute of Iowa; and when payable to *bearer* may be sued in the name of any holder.

ERROR *to Clinton District Court.*

*Opinion by* GREENE, J.   Action by H. Price against J. Riggs on a note for thirty-five dollars, payable to F. A. Chenoweth or *bearer*, in property at its fair value. The plaintiff recovered.

It is now objected that the note could only be sued in the the name of Chenoweth, and that it is not negotiable. It will be readily conceded that at common law this objection would hold good. But a note in which the maker " promises to pay " " any sum of money in personal property," is distinctly recognized as negotiable paper by statute. Rev. Stat. 451, § 1. And by the same section such note " shall be taken to be due and payable to the person to whom it is made," and such a note made payable to any person shall be assignable by indorsement thereon," &c. True the note in the present case was not assigned by indorsement thereon, nor was such indorsement necessary. By the express terms of the note it was made payable to any person who might be the holder, whether that person should be F. A. Chenoweth or any other person. It is in the alternative. It is to F. A. C., or *bearer*, hence any holder of the note, any bearer is made the payee—" the person to whom it is made."

Independent of our statute, we believe it to be the uniform practice in the commercial world that a note payable to bearer, may be sued in the name of the holder the same as though it had been assigned to him by indorsement, and as uniform is the doctrine that the possession of a note, payable to bearer, or indorsed in blank is *prima facie* proof

of title.  6 Mass. 451; 11 ib. 288; 3 Porter 226; 1 Baily 355; 15 Wend. 640.

*Platt Smith*, for plaintiff in error.

