# Crump v. Battles.

## Appeal Case from Justice's Court.

1. *Damages for delay.* — On appeal from a justice's judgment (Rev. Code, §§ 2660, 2774), it is not error for the court to leave to the jury the decision of the question whether the appeal was taken for delay merely, with a view to estimating the plaintiff's damages.

2. *Same.* — Appeal cases from a Justice's Court come within the provisions of the ordinance approved December 6, 1867 (Session Acts 1868, p. 182), which allows only five per cent. damages in cases of appeal, and to this extent changes the

statute (Rev. Code, § 2744) allowing fifteen per cent. damages on appeals taken for delay merely.

3. *Error without injury in charge to jury.* — An erroneous charge to the jury, instructing them that they may allow the plaintiff greater damages than are authorized by law, is not a reversible error at the instance of the defendant, when the record does not show that any damages at all were in fact allowed, and the verdict and judgment are for a sum not greater than the amount of the plaintiff's debt and interest thereon.

APPEAL from the Circuit Court of Etowah. Tried before the Hon. WM. L. WHITLOCK.

JAMES AIKEN, for appellants.

ELLIS & CALDWELL, *contra.*

PETERS, J. — This is an appeal from a Justice's Court, in which the judgment was for the plaintiff, to the Circuit Court. In the Circuit Court there was a trial by a jury, and the judgment was again rendered, upon the verdict of the jury, for the plaintiff. On the trial in the Circuit Court there was a bill of exceptions taken by the defendant, which shows that the learned judge of the Circuit Court instructed the jury "that if they believed, from the evidence, that the appeal from the Justice's Court was taken by the defendant for delay merely, they *may* find fifteen per cent. damages for the plaintiff, and against the defendant, on the amount of the judgment appealed from." To this instruction the defendant excepted. The record does not show what the issue was, but the verdict was in the following words, to wit : " We, the jury, find for the plaintiff, and assess his damages at one hundred and sixteen and $\frac{33}{100}$ dollars." On this verdict a judgment was rendered in favor of the plaintiff for the sum thus ascertained, without any mention of damages for delay merely. From this judgment the appellants appeal to this court ; and they here assign the instruction of the court below as error, and also the judgment of the court below.

The bill of exceptions does not purport to set out all the evidence delivered to the jury on the trial below. But it is stated that "there was no evidence before the jury tending to show that this appeal was taken for delay merely, except what might be inferred in the case from the papers in the cause." It is the universal rule of this court that a reversal will not be allowed unless the record affirmatively shows that the court below was in fault, and that the appellant has suffered injury therefrom. Error will not be presumed, nor will there be a reversal unless injury is shown. Shep. Dig. p. 568, § 82 ; *Griffin, Administrator,* v. *Bland,* 43 Ala. 542 ; *Hill* v. *The State,* 43 Ala. 335.

[Crump v. Battles.]

The law supposed to govern the first assignment of error relied on is taken from the Revised Code. It is in these words: "In cases mentioned in section 2660 (2257), if it appear that the appeal or *certiorari* was taken for delay merely, fifteen per cent. damages may be assessed ; but in other cases, no damages over and above the debt and interest must in any case be allowed." Rev. Code, §§ 2660, 2772, 2774. What "the papers in the cause" were does not distinctly appear. They were not necessarily the record ; but it may be inferred that they were some evidence before the jury, for this is the most rational construction of the language of the bill of exceptions. Then they might have shown that the appeal had been taken for delay merely. Yet it is contended that this was a question for the court and not for the jury. It was a question of *fact*, and the language of the statute does not direct how it shall be determined. It does not, therefore, seem that its ascertainment was intended to be denied to the jury. If it was not, there is no just ground to complain of the practice. There was no error, then, in submitting the question whether the appeal had been taken for delay merely to the jury.

2. The objection as to the amount of the damages is of a different character. These are fixed by law, and they cannot be altered either by the court or by the jury. The 35th Ordinance of the Convention of 1867 has never been repealed. This changed the law as it is found in the Revised Code. This Ordinance reduces the damage in such a case as this to five per cent. The language of the Ordinance is broad enough to include all cases of appeal. It is in these words : "*Be it ordained*," &c., "that *all* injunctions or appeals, forthcoming and other *bonds, required in judicial proceeding*, shall be taken to the amount of the debt and costs, and twenty per cent. additional, and pledges of property may be given as security instead of personal security ; and in case of appeal, where damages are awarded, the amount of damages shall be five per cent. of the amount of the judgment or decree." Pamph. Acts 1868, pp. 182, 183 ; Ordin. No. 35.

It was error to award a larger amount of damages than is allowed by this Ordinance ; and the instruction, to this extent, was improper.

3. But the record does not disclose that any damages for delay merely were assessed by the jury, or awarded by the court. The complaint shows that the action is founded on a promissory note for one hundred dollars, which became due on the 25th day of December, 1869. The judgment from which the appeal is taken was rendered on the 3d day of May, 1872. The verdict was for $116.33, and judgment is for this amount and costs. The finding of the jury was "for the plaintiff" on

the whole case, upon the issue joined : that is, for the amount of the plaintiff's note for one hundred dollars, and interest thereon for two years and above four months. The interest on the note sued on, if properly calculated, would exceed $18.00. Then, it appears that the sum that should have been allowed for debt and interest was larger than that actually assessed by the jury, without any damages for delay whatever. The charge of the court was, then, without injury to the defendants, so far as appears from the record ; for it does not appear that any damages for delay merely were assessed by the jury, or awarded by the court. Besides, cases of appeal and *certiorari* from the judgment of· a justice of the peace are to be tried in the appellate court " according to equity and justice." Rev. Code, § 2772. And it is to be deplored that any case in any court should be tried in any other manner ; for equity and justice should be the law of laws. Const. Ala. 1867, Art. I. § 15 ; Branch Princ. p. 161. Then the case, as presented by the record, does not make it manifest that the appellants have been injured, or that the law has not been administered according " to right and justice." " Where one complains of an error in an inferior tribunal, to be entitled to redress, he must show he is prejudiced by it." *Evans et al* ·v. *Bolling*, 8 Port. 307 ; *Moore* v. *Cooledge*, 1 Port. 280 ; *Sanford et al* v. *Richardson·et al.* 1 Ala. 182. This has not been done in this case.

The judgment of the court below is affirmed.