# Murphy *v.* Butler, Pitkin & Co.

## *Trial of Right of Property.*

1. *Declarations of vendor; when not admissible against vendee.*—The declarations or admissions of a vendor, made prior to the sale, and not connected with it, in the absence, and without the knowledge of the vendee, are not admissible against the latter for the purpose of destroying his title, or of involving him in fraud.

2. *Trial of right of property levied on under attachment; damages for delay not authorized.*—The statute authorizing the jury to award damages against the claimant in a trial of right of property, if it be shown that the claim was interposed for delay (Code, § 3343), by its terms applies only when there is a levy of *execution* upon the property; it is incapable of application, when the levy is of an *attachment.*

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E. COBB.

Butler, Pitkin & Co., on 8th January, 1883, sued out an attachment against J. H. Murphy & Co., which was levied on designated articles of merchandise. This property was claimed by W. N. Murphy, and, on his making the statutory affidavit and bond, it was delivered to him by the sheriff. The cause was tried on an issue made up under the statute, the trial resulting in a verdict and judgment in favor of the plaintiffs in attachment. On the trial evidence was introduced tending to show that the claimant purchased the goods attached from the defendants several days before the attachment was issued. The sale to the claimant, the plaintiffs contended, was fraudulent. The plaintiffs offered in evidence a written statement made by the defendants in attachment in August, 1882, to Hurst, Purnell & Co., merchants at Baltimore, to whom they had applied for credit, touching their financial condition, and containing declarations as to the amount of their assets and liabilities. To the admission of this statement the claimant objected, his objection was overruled, and the statement allowed to go to the jury; and to this ruling he excepted. The court charged the jury, *inter alia*, that "if they found from the evidence, that the claim was put in for delay merely, they might, in their discretion, assess damages for delay at ten per cent.;" and to this charge the claimant excepted. It appears from the judgment entry, that the jury assessed damages for delay at the rate mentioned in the charge.

The rulings above noted are here assigned as error.

W. J. SAMFORD, for appellant.

J. R. DOWDELL, and WATTS & SON, *contra*.

BRICKELL, C. J.—The statement or declaration as to their pecuniary condition made by the defendants in attachment to Hurst, Purnell & Co., several months prior to the sale under which the claimant deduced title to the goods in controversy, was not (so far as now appears) introduced for the purpose of contradicting or impeaching evidence given by either of the defendants, and it was certainly, in point of time, and in every other respect, disconnected with the main fact which was the matter for the consideration of the jury. If the statement was untrue, the fact of its falsity, however deliberately it may have been made, and with whatever impurity of purpose, did not warrant a presumption, that a sale made by the defendants to the claimant, several months subsequently, was infected with like falsity, and like impurity of intent. A crime is not proved by evidence of other like criminal offenses, and evidence of one fraud, separable and distinct, is not admissible to prove that a party is guilty of a particular fraud with which he is charged. *Johnston v. Br. Bank Montgomery*, 7 Ala. 429. The declarations or admissions of a vendor, made prior to the sale, and not connected with it, in the absence, and without the knowledge of the vendee, can not be received to affect the vendee, to destroy his title, or to involve him in fraud.—*Jones v. Norris*, 2 Ala. 526; *Garner v. Bridges*, 38 Ala. 276. The evidence was irrelevant, and ought not to have been received.

When personal property is levied on by execution, and a trial of the right is claimed, if it be shown that the claim was interposed for delay, the statute (Code of 1876, § 3343) authorizes the jury to award damages against the claimant, " not less than ten *per centum* on the execution." The statute by its terms applies only when there is a levy of execution upon property, and is incapable of application to a trial of the right, had when the levy is of an attachment. The execution issues upon a judgment, and for a fixed, certain. definite sum or amount, conclusively ascertained by the judgment. The attachment issues for the sum or amount claimed by the plaintiff, which the judgment rendered may vary, as is warranted by the evidence upon trial of the distinct, independent, suit, in which the attachment is the original or auxiliary process. The sum claimed affords no fixed, definite basis, upon which there can be an assessment of damages, like that afforded by the judgment upon which the execution issues. The instruction given the jury upon this point was erroneous.

Reversed and remanded.