168 So. 697

### PENNEY v. STOUT.

8 Div. 736.

Supreme Court of Alabama.

May 14, 1936.

Rehearing Denied June 18, 1936.

Chas. H. Eyster and Norman W. Harris, both of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellee. Brief did not reach the Reporter.

ANDERSON, Chief Justice.

This is a claim suit between the appellant as claimant and the appellee as the judgment plaintiff to try the title to certain property levied upon under execution.

The trial was by the judge without a jury and the judgment was in favor of the plaintiff to the effect that the property levied on was subject to the plaintiff's execution. As to this finding, the appellant, in brief and argument, does not complain. The trial court, however, awarded the plaintiff $400 damages, and this is the ruling as to which the appellant complains.

As we understand, section 10375 of the Code of 1923 provides for the interposition of the claim and the bond which is in the nature of a forthcoming one, and, if the property involved is not all delivered to the successful plaintiff, the remedy is provided by section 10378. So, the only provision for the assessment of damages is regulated by section 10377 and which reads as follows:

*"Value of property assessed; damages for delay.*—If the jury, judge or justice, find the property levied on to be liable to the satisfaction of the writ, they must, as far as practicable, assess the value at the time of the interposition of the claim, of each article separately; and if it be a case in which execution has been levied, and it be shown on the trial that the claim was interposed for delay, they must also assess such damages as the plaintiff may be entitled to, not more than fifteen per cent on the amount of the execution."

It will be noted that this section provides for the assessment of damages only in the event it be shown upon the trial that the claim was interposed for delay and is therefore penal in character. As to when such a claim is interposed for delay may be a question of fact or of law or a mixed one of law and fact. Crump v. Battles, 49 Ala. 223, 225.

Here, the trial court held that the plaintiff's execution lien was superior to claimant's claim. The claimant, of course, had actual knowledge of the execution and constructive notice of the registration of the judgment and which, as matter of law, made it superior to the claimant's claim. The only excuse advanced by the claimant for the interposition of an inferior claim is that he had no actual knowledge of the registration of the plaintiff's judgment. He had constructive notice and could no doubt have obtained actual knowledge by the slightest investigation and was guilty of negligence, and we cannot put the trial court in error for finding that the claim was interposed for delay. We do not mean to hold, however, that every claim in which the claimant is unsuccessful should be regarded as one for delay. There may be questions of fact involving the superiority of the respective claims or the bona fides of the claimant in interposing a claim, but when the controversy is so one-sided, as here, we cannot put the trial court in error in holding that the present claim was interposed for delay, especially when, as found by the trial court, the claimant had in view the leasing or rental of the property and did rent it after the levy.

This section 10377 has appeared in many Codes, but this seems to be the first time that so much thereof, as relates to damages as there dealt with, has been presented for an interpretation. Indeed, we find only one citation thereto which appears in the case of Murphy v. Butler, Pitkin & Co., 75 Ala. 381, and which only holds that it applies to claims against executions and not attachments.

We think, however, the lawmakers intended a limitation on the damages there provided. True, it is there fixed to not exceed 15 per cent. on the amount of the execution, and did not have in mind a case like the present one where the execution was for over $11,000 and the property levied on was valued at only $700. We therefore think that the limitation, by way of analogy, should not exceed 15 per cent. of the value of the property involved in the claim suit. The value of the property was ascertained to be $700 at the time of the levy and we hold that $105 instead of $400 should have been assessed for the interposition of the claim.

The judgment of the trial court in favor of the plaintiff is affirmed, but the amount awarded as damages is reduced to $105, and the judgment is corrected and affirmed, the appellee to pay the cost of the appeal.

Corrected and affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.